IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

BOBBIE S. ROSE, )
 )
        Plaintiff, )
 )
v. )   Case No.  CIV-12-42-SPS
 )
CAROLYN W. COLVIN, )
Acting Commissioner of the Social )
Security Administration,[1] )
 )
        Defendant. )

## OPINION AND ORDER

The claimant Bobbie S. Rose requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for benefits under the Social Security Act. The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining that she was not disabled. As discussed below, the Commissioner's decision is hereby REVERSED and the case is REMANDED to the ALJ for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v.*

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is deemed disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on January 23, 1970, and was forty years old at the time of the administrative hearing (Tr. 29). She has a tenth grade education and past relevant work as a fast food worker, cashier II, and nurse's aide (Tr. 30, 40). The claimant alleges that she has been unable to work since December 20, 2007 because of bipolar disorder, degenerative disc disease, osteoarthritis in her neck and back, and migraines (Tr. 188).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on November 13, 2008. Her applications were denied. ALJ Charles Headrick conducted an administrative hearing and found that the claimant was not disabled in a written opinion dated June 25, 2010. The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 404.981; 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at steps four and five of the sequential evaluation.  He found that the claimant had the residual functional capacity ("RFC") to perform the full range of light work, 20 C.F.R. §§ 404.1567(b); 416.967(b), and could therefore return to her past relevant work as a cashier and fast food worker.  The ALJ alternatively found that the claimant was not disabled according to Rule 202.17 of the Medical-Vocational Guidelines, *i. e.*, "the Grids" (Tr. 14-19).

### Review

The claimant contends that the ALJ erred: (i) by failing to properly analyze the opinion of state agency physician Dr. Sally Varghese, M.D., who reviewed the claimant's medical records, prepared a Psychiatric Review Technique form and completed a Mental Residual Functional Capacity Assessment regarding the claimant's mental impairment; and (ii) by failing to properly analyze her RFC in light of new evidence submitted to the Appeals Council.  The Court finds that the claimant's first contention has merit, and the decision of the Commissioner should therefore be reversed.

The claimant sought treatment at the emergency department at both the Creek Nation Community Hospital in Eufala and Hastings Indian Medical Center in Tahlequah for neck pain and headaches (Tr. 245, 247, 251, 253, 255, 261, 265, 268, 281, 285).  She also received treatment for the same complaints at the WW Hastings Indian Hospital (Tr. 303, 308, 325).

State agency physician Dr. Larry Vaught, Ph.D. evaluated the claimant for mental impairments (Tr. 393-95). The claimant stated that she had a history of bipolar disorder and reported phases of hyperactivity every two or three months and severe depression a couple of times per year. The claimant told Dr. Vaught that she is forgetful, has difficulty with concentration, and low energy. The claimant also reported being physically abused as a child (Tr. 393). Upon examination, Dr. Vaught found that the claimant's affect was of moderate intensity; she was somewhat tangential but capable of redirection, laughed occasionally during the examination, and was somewhat vague and argumentative (Tr. 394). Dr. Vaught also noted that she was pleasant at times (Tr. 395). Finally, Dr. Vaught wrote that there was some pressuring in the areas of concentration, persistence, and pace and diagnosed her with mood disorder, NOS (Tr. 395).

Dr. Varghese, M.D. reviewed the claimant medical records and completed a Psychiatric Review Technique form. She found that the claimant's mood disorder caused moderate limitations in areas of activities of daily living and maintaining concentration, persistence, and pace and mild limitation in the area of social functioning (Tr. 418). Dr. Varghese also completed a Mental Residual Functional Capacity Assessment in which she opined that the claimant was moderately limited in the ability to understand and remember detailed instructions, ability to carry out detailed instructions, and ability to interact appropriately with the general public (Tr. 404-05). Dr. Varghese also wrote that the claimant could perform simple and some complex tasks, relate to others on a superficial work basis, and adapt to a work situation (Tr. 406).

The claimant contends the ALJ erred, *inter alia*, by failing to properly evaluate Dr. Dr. Varghese's opinions regarding the severity of her mental limitations in the PRT form and RFC assessment.  The Court agrees.  Social Security Ruling 96-6p indicates an ALJ "must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological consultant and by other program physicians and psychologists." 1996 WL 374180, at *4.  Although an ALJ is not bound by a state agency physician's determination, he cannot ignore it and must explain the weight given to the opinion in his decision.  *Id* at *2.  *See also Hamlin v. Barnhart,* 365 F.3d 1208, 1215 (10th Cir. 2004) ("An ALJ must evaluate every medical opinion in the record, see 20 C.F.R. §[§] 404.1527(d), [416.927(d)], although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional. . . . An ALJ must also consider a series of specific factors in determining what weight to give any medical opinion."), *citing Goatcher v. Department of Health & Human Services,* 52 F.3d 288, 290 (10th Cir. 1995).  The ALJ in this case did not even mention Dr. Varghese by name; the sum total of his analysis of her opinions is the following:

> As for the opinion evidence, some weight is given to the State Agency medical consultant regarding the claimant's mental impairment (Exhibits 6F and 7F).  However, the undersigned finds the claimant is less limited than was previously indicated.

(Tr. 16).  The Court finds this cryptic reference to the PRT and RFC assessment prepared by Dr. Varghese (whose opinions as to the claimant's mental limitations conflicted with

the ALJ's own findings) to be insufficient under Social Security Ruling 96-6p. *See, e. g., Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."), *citing Vincent ex rel. Vincent v. Heckler,* 739 F.2d 1393, 1394-95 (9th Cir. 1984). The decision of the Commissioner must therefore be reversed, and the case remanded to the ALJ for further analysis.

## Conclusion

In summary, the Court finds that correct legal standards were not applied by the ALJ, and that the decision of the Commissioner is therefore not supported by substantial evidence. The decision of the Commissioner is accordingly hereby REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 30th day of September, 2013.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma